## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY SALLIS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. **15-cv-00496-SPS** |
| | § | |
| GERDAU AMERISTEEL US, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant Gerdau Ameristeel US, Inc., ("Defendant" or "Gerdau"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 and LCvR 81.2, files the following Notice of Removal with respect to Case No. CJ-15-441, pending in the District Court of Muskogee County, Oklahoma.  Defendant, by and through its undersigned counsel, and states the following grounds for removal of this action to the Eastern District:

1.      A civil action is pending against Defendant called *Rodney Sallis v. Gerdau Ameristeel US, Inc.*, Case No. CJ-15-441 ("State Court Action").   A review of the District Court of Muskogee County Clerk's file reveals the following documents on file: Plaintiff's Petition alleging Plaintiff's causes of action ("Petition") and Plaintiff's Summons ("Summons"). Pursuant to Local Civil Rule 81.2, copies of the Petition, Summons and Muskogee County Civil Docket Sheet are attached to this Notice as Exhibits 1, 2 and 3.

2.      On November 16, 2015, Plaintiff Rodney Sallis ("Plaintiff") filed the Petition and Summons in the District Court for Muskogee County, State of Oklahoma, which is located within the United States District Court for the Eastern District of Oklahoma.  Defendant received

a copy of the foregoing Summons and Petition via certified U.S. Mail delivery to its registered agent on November 30, 2015.

3.      The Eastern District is the district embracing the place where the State Court Action is pending.  Venue in the Eastern District of Oklahoma is appropriate because a substantial part of the events giving rise to the claim occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

4.      When a civil action is removed based on federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), all defendants who have been served must join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A).  Gerdau was the only Defendant named and served in this matter. Defendant Gerdau consents to removal.

**FEDERAL JURISDICTION QUESTION**

5.      Plaintiff's Petition presents federal questions for adjudication, as it expressly sets forth claims pursuant to race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiffs Petition, p. 1.

6.      In the opening paragraph of the Petition, Plaintiff alleges that his claims are based on "discrimination on the basis of race (African-American) and hostile work environment in violation of Title VII of the Civil Rights Act, as amended."  Plaintiff's Petition, p. 1.

7.      In the State Court Action, Plaintiff also alleges that Defendant discriminated against Plaintiff on the basis of his race when Plaintiff was required to have a superintendent attend his medical appointments.  Plaintiff's Petition ¶¶ 26-31.

8.      In the State Court Action, Plaintiff also alleges that Defendant discriminated against Plaintiff on the basis of his race when Plaintiff was subjected to a hostile work environment including insults, verbal comments of a racial nature and other unwelcome conduct. Plaintiff's Petition ¶¶ 32-38.

9.      The State Court Action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446.

## DIVERSITY JURISDICTION

10.     This case is also a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is diverse in citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11.     The Petition alleges that Plaintiff is a resident of Muskogee County, Oklahoma. Plaintiff's Petition ¶1.

12.     Defendant Gerdau is the sole identified defendant in this action. *See* Plaintiff's Petition. Pursuant to 28 U.S.C. § 1332(c)(1), Gerdau is deemed to be a citizen of the state by which it was formed or the state where its principal place of business is located.

13.     The Petition incorrectly alleges that Gerdau Ameristeel US, Inc. has its principal place of business in Muskogee, Muskogee County, Oklahoma.  Defendant Gerdau is the second largest mini-mill steel producer in the United States and the largest recycler or metal in the country. Defendant has approximately 140 locations throughout North America, including a large headquarters in Tampa, Florida.  Only three of Defendant's locations are located in Oklahoma,

and none of which are Gerdau's principal place of business.  In fact, the Oklahoma locations are small fabrication shops that support Gerdau's steel mills in other parts of the country.

14.     At the time of the commencement of this action and continuing to the present, Defendant is a foreign corporation organized under the laws of the state of Florida and has its principal place of business in Florida.  At no time has Gerdau been a resident or citizen of Oklahoma.  As such, complete diversity exists between the parties.

15.     The amount in controversy requirement of 28 U.S.C. § 1332(a) is also satisfied. Removal is appropriate where it is more likely than not that Plaintiff's potential damages could exceed $75,000.

16.     Although Plaintiff does not plead a specific amount of damages in his Petition, it is facially apparent from his pleadings that Plaintiff seeks damages in excess of the $75,000 jurisdictional amount of this Court. 28 U.S.C. §1332(a).

17.     In Plaintiff's Petition, he alleges that he has suffered the following damages as a result of discrimination on the basis of his race: "lost income and benefits", legal fees and expenses, and humiliation and degradation. Plaintiff's Petition ¶31.  Plaintiff further alleges that he suffered the following damages as a result of being subjected to a hostile work environment: "lost income and benefits, legal fees and expenses, and humiliation and degradation."  Plaintiff's Petition ¶38.

18.     Title VII of the Civil Rights Act of 1964 provides for compensatory and punitive damages up to three hundred thousand dollars ($300,000.00). 42 U.S.C. § 1981a(a)-(b). Additionally, the Civil Rights Act of 1866 provides for *uncapped* compensatory and punitive damages. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460-61 (1975).

19.    Given that Plaintiff seeks damages including front pay, back pay, the value of lost employment benefits, compensatory damages, punitive damages, as well as an award of costs and attorney's fees, it is clear that the amount in controversy is greater than $75,000.[1] Accordingly, because both the complete diversity and amount-in-controversy elements of 28 U.S.C. § 1332(a)(1) are satisfied, this cause is removable under 28 U.S.C. § 1441(b).

20.    As required by 28 U.S.C. § 1446(d) and LCvR 81.2, a true and correct copy of this Notice will be filed with the Clerk of District Court of Muskogee County, State of Oklahoma promptly after the filing of this Notice with this Court along with a copy of the docket sheet of the case, and this Notice will be served on Plaintiff's counsel of record.

21.    Defendant does not waive any defenses, including jurisdictional defenses, by filing this Notice of Removal.

WHEREFORE, having fulfilled all statutory requirements, Defendants remove the above-described action pending in the District Court of Muskogee County, State of Oklahoma, to this Court, and request that this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it.

Respectfully submitted this 21st day of December, 2015.

---

[1] At the time of his resignation in December 2014, Plaintiff was employed as a full-time worker at $14.48 per hour.  At this rate, Plaintiff earned approximately $30,118 per year.  An award of one year of front pay, one year of back pay and $15,000 in additional damages, would place Plaintiff's damages beyond the amount in controversy requirement, even without considering other alleged damages.

5

s/JOSHUA W. SOLBERG
Paul A. Ross, OBA #19699
Joshua W. Solberg, OBA #22308
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK  73102-7103
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439 (Fax)
paul.ross@mcafeetaft.com
josh.solberg@mcafeetaft.com

and

Gavin S. Appleby, Georgia Bar No. 020825
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326-4803
Telephone:  (404) 233-0330
Facsimile:  (404) 233-2361
gappleby@littler.com
(to be admitted *pro hac vice)*

**ATTORNEYS FOR DEFENDANT,
GERDAU AMERISTEEL US,  INC.**

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Jean Walpole Coulter
Jean Walpole Coulter & Associates, Inc.
406 South Boulder, Suite 712
Tulsa, OK  74103
jeancoult@aol.com

ATTORNEY FOR PLAINTIFF

s/*JOSHUA W. SOLBERG*
Joshua W. Solberg